IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CYNTHIA WESTRICH,**<br>　　　　　　**Plaintiff,**<br><br>　　　　v.<br><br>**MALVERN BOROUGH,**<br>**MALVERN BOROUGH POLICE**<br>**DEPARTMENT,**<br>**OFFICER SIAN KEATING,**<br>**CORPORAL STEVEN WALKER,**<br>**CORPORAL DOUGHERTY,**<br>**OFFICER WILSON,**<br>**OFFICER DANIELS,**<br>**OFFICER JOSEPH CAPUANO (resigned),**<br>**CHIEF OF POLICE LOUIS MARCELLI,**<br>**OFFICER TYLER BURY,**<br>**OFFICE MANAGER TIFFANY LOOMIS, and**<br>**IRA DUTTER (retired),**<br>　　　　　　**Defendants.** | **CIVIL ACTION**<br><br><br>**NO.   2:24-cv-02632-KBH** |

HODGE, J.                                                                                                          July 29, 2025

## MEMORANDUM

　　　Plaintiff Cynthia Westrich, a resident of Malvern Borough, brings this case against Defendants the Malvern Borough, the Malvern Borough Police Department, and several individually named employees of Malvern Borough: Officer Sian Keating, Corporal Steven Walker, Corporal Dougherty, Officer Wilson, Officer Daniels, Officer Joseph Capuano, Chief of Police Louis Marcelli, Officer Tyler Bury, Officer Ira Dutter, and Borough Manager Tiffany Loomis. (See ECF No. 1.) Plaintiff alleges one count of a violation of 42 U.S.C. § 1983, and one count of a violation of her 14th Amendment equal protection rights.[1] (ECF No. 1 at 15-17.) She

---

[1]　　　Plaintiff seems to acknowledge that she does not have a valid Equal Protection Clause claim in her PHRC Complaint, writing "Since we cannot benefit from the public accommodation of equal protection under the law by the Malvern Police . . . request for help to identify other law enforcement bodies . . . proved there is no resource or public accommodation for our equal protection under the law." (ECF No. 6-5 at 13.)

1

seeks compensatory and punitive damages against individual defendants, as well attorney's fees. (*Id.*) Defendants now move to dismiss all of Plaintiff's claims for failure to state a claim upon which relief can be granted. (ECF No. 6.)

The complaint was filed by Plaintiff on June 14, 2024. (ECF No. 1.) Defendants' counsel waived service. (ECF No. 5.) Defendants timely filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) on October 4, 2024. (ECF No. 6.) Plaintiff filed a response to Defendants' motion to dismiss on October 31, 2024. (ECF No. 7.) The issue before the Court today is Defendants' motion to dismiss. For the reasons that follow, the Court grants the Defendants' motion.

I.   **FACTUAL BACKGROUND**

Taking Plaintiff's complaint as true, the facts are as follows. Plaintiff has been having property disputes with her neighbors since she moved into her home in Malvern, Pennsylvania in 2015. (ECF No. 1 ¶¶ 18-20.)[2] Although Plaintiff extensively details many of these disputes in her complaint, they are irrelevant as Plaintiff's neighbors are not named defendants in this lawsuit. These interactions and the behavior of Plaintiff's neighbors are relevant only to the extent that they precipitated Plaintiff's interactions with the Defendants.

Plaintiff alleges a series of interactions with Malvern Borough police officers and employees that occurred between 2020 and 2024 that led to the filing of this complaint. (*See generally* ECF No. 1.) Plaintiff alleges at least 17 incidents in which her neighbors trespassed on her property without her permission. (*Id.*) Each time her neighbors trespassed, Plaintiff sought the assistance of Defendants and was either denied help or ignored. (*Id.*) Plaintiff claims that in contrast, when her neighbors have made repeated complaints against her, their complaints have been addressed and thoroughly investigated. (ECF No. 1 ¶ 53.) On May 19, 2021, in the midst of

---

[2]   The Court adopts the pagination supplied by the CM/ECF docketing system.

these frequent interactions between Plaintiff and the Malvern Police Department, Plaintiff filed a complaint with the Pennsylvania Human Relations Committee ("PHRC") based on her perception of Defendant's unequal treatment of Plaintiff compared to her neighbors. (ECF No. 1 ¶ 26.)

Plaintiff believes that filing a PHRC complaint led to retaliation by Defendants. (*Id.*) She alleges several incidents of Malvern Police "harassing" her, "descending" on her home, and causing or almost causing car accidents. (ECF No. 1 ¶¶ 25, 27, 29, 32, 40.) Plaintiff additionally claims that Defendants went so far as to call her a "nuisance" in the local newspaper and in signage posted on her property. (ECF No. 1 ¶ 34.)

The above are representative samples of the incidents Plaintiff reports alleges in her complaint.[3] (*See* ECF No. 1.) There are several other events that contributed to the contentious relationship between Plaintiff and Defendants, but it is this alleged unequal treatment that forms the basis of Plaintiff's complaint.

## II.     LEGAL STANDARD

In order to survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, a complaint must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citation omitted). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678).

---

[3] Plaintiff alleges 39 total incidents between herself, her neighbors, and Defendants. The Court has considered each incident on its own and as part of the totality of the circumstances but finds it unnecessary to repeat each alleged fact here.

Applying the principles of *Iqbal* and *Twombly*, the Third Circuit articulated a three-part analysis to determine whether a complaint will survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Santiago v. Warminster Tp.*, 629 F.3d 121, 130 (3d Cir. 2010). This three-prong inquiry involves the following: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

The pleading standard does not require a plaintiff to establish the elements of a prima facie case, but they must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal citations omitted). "[C]onclusory or 'bare-bones' allegations will [not] survive a motion to dismiss." *Id.* at 210. "To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Id.*

### III. ANALYSIS

Defendants assert that Plaintiff's claims should be dismissed in their entirety. (*See generally* ECF No. 6.) They argue that both of Plaintiff's claims for relief should be dismissed for failure to state a claim upon which relief can be granted. (ECF No. 6 ¶¶ 4(d), 4(e).) Defendants also argue that various elements of Plaintiff's complaint are legally barred and thus should be dismissed in addition to the claims themselves.[4] (ECF No. 6 ¶¶ 4(b), 4(a), 4(f), 4(g), 4(h).)

Plaintiff's response to Defendants' motion is largely inadequate. (*See generally* ECF No. 7.) Plaintiff spends a significant portion of both her Complaint and her Response alleging that

---

[4] Defendants also assert that several individual defendants should be dismissed because of a failure to allege any specific facts against them. (ECF No. 6 ¶ 4(c).) This is irrelevant insofar as the Court dismisses all claims against individually named employees of the Malvern Borough and all claims for relief on the merits.

Defendants retaliated against her due to her filing of a PHRC complaint against them. (ECF No. 1 ¶ 26; ECF No. 7 ¶¶ 1, 2, 5-7.) However, Plaintiff fails to allege retaliation as a claim for relief in her complaint, so the Court does not consider a retaliation claim at this time since one is not before it. To the extent that Plaintiff does respond to Defendants' arguments, the Court will consider each parties' arguments in turn.

### A. Statute of Limitations for Section 1983 Claims.

Defendants argue that Plaintiff's Section 1983 claims are subject to Pennsylvania's two-year statute of limitations governing personal injury actions. Accordingly, any claim based on events occurring prior to June 14, 2022 (two years prior to the filing of Plaintiff's complaint on June 14, 2024), are barred by the statute of limitations. (ECF No. 6-1 at 8-9.)

Section 1983 claims are subject to the applicable state statute of limitations governing personal injury actions, which is two years. 2 Pa. C.S.A. § 5524(7); *Owens v. Okure*, 488 U.S. 235 (1989). Plaintiff responds to Defendants' statute of limitations argument that she has identified numerous incidents within the two-year statute that constitute constitutional violations sufficient to form the basis of her Section 1983 claims. (ECF No. 7 ¶ 3.) She does not argue that her claims occurring prior to June 14, 2022 should not be dismissed and cites no legal authority suggesting that those incidents that she reports taking place prior to June 14, 2022 should be considered by the Court. (*Id.*) Thus, Plaintiff has conceded that events occurring prior to June 14, 2022, are outside of the statute of limitations and not actionable.[5] Therefore, the Court will only consider

---

[5] Typically, statute of limitations arguments are affirmative defenses, and thus not to be raised at the motion to dismiss stage. However, the Third Circuit allows dismissal pursuant to a motion to dismiss where the defense is apparent on the face of the complaint. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (citing *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir.1978) (reiterating the "Third Circuit Rule," which permits a statute of limitations defense to be raised by motion to dismiss although technically disallowed by the Federal Rules of Civil Procedure.).

claims relating to events that occurred after June 14, 2022. Claims relating to events that occurred prior June 14, 2022 are dismissed for being outside the statute of limitations.

### B. Malvern Police Department is Not a "Person" Subject to Suit Under Section 1983.

Defendant argues that the Malvern Borough Police Department is not an appropriate party to this suit and should be dismissed as a defendant. (ECF No. 6-1 at 7.) While Defendants admit that municipalities are properly "persons" under Section 1983, they argue that a Police Department is a sub-unit of a municipality, rather than a distinct entity. (ECF No. 6-1 at 7-8.) Therefore, any claims alleging liability against Malvern police officers and police department officials should be brought against the Borough, rather than against the Police Department. (ECF No. 6-1 at 8.) Plaintiff does not respond to this argument in her Response to Defendant's Motion to Dismiss. (*See generally* ECF No. 7.) In failing to respond, Plaintiff has waived her opposition. However, for clarity, the Court will briefly address the issue.

Section 1983 allows any individual to sue "any citizen of the United States or other person within the jurisdiction thereof" for a deprivation of civil liberties. 42 U.S.C § 1983. While municipalities are properly "persons" subject to liability under Section 1983, police departments are not. *Martin v. Red Lion Police Dept.*, 146 F. App'x 558, 562 n.3 (3d Cir. 2005). Rather, police departments are a vehicle through which a municipality can fulfill its policing functions. *Id.* Claims against police departments are therefore properly asserted against the governing municipality, rather than the police department itself. *Mikhaeil v. Santos*, 646 Fed. Appx. 158, 163 (3d Cir. 2016) (citing *Bonenberger v. Plymouth Twp.,* 132 F.3d 20, 25 n. 4 (3d Cir.1997)).

Defendants correctly argue that the Malvern Borough Police Department is not a distinct entity from the Malvern Borough, and any liability under Section 1983 is properly brought against the Borough. *Id.*; *Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 877 (W.D. Pa. 1993). The Malvern

6

Borough Police Department is dismissed as a Defendant in this case because any potential liability on their part would be subsumed by the liability of the Malvern Borough.

### C. Plaintiff has Not Pled Sufficient Facts to Establish a Constitutional Violation Under Section 1983.

To bring a Section 1983 claim, "a [ ] plaintiff [must] prove two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011); *McDonough v. Smith*, 588 U.S. 109, 109 (2019) (noting that any analysis of a Section 1983 claim must first identify "the specific constitutional right alleged to have been infringed.") While Plaintiff's complaint against Defendants meets the first requirement (the Borough of Malvern and its police department act under color of state law), Defendant argues that Plaintiff has failed to identify a specific constitutional right she possessed that was infringed upon. (ECF No. 6-1 at 9.)

In her complaint, Plaintiff alleges that Defendants failed to train their employees, and "refused to respond or investigate Plaintiff's complaints." (ECF No. 1 ¶¶ 64, 66.) Defendants argue that any allegation regarding failure to take specific investigative action must fail because there is no statutory or constitutional right to such an investigation. (ECF No. 6-1 at 9.) A failure-to-train allegation also must fail, Defendants argue, because such a failure can serve as the basis for a Section 1983 claim only when the failure to train amounts to deliberate indifference to the rights of the person who has encountered the police. (ECF No. 6-1 at 9-10.) Defendants argue that Plaintiff has failed to plead any facts that would support deliberate indifference on the part of the police, nor does she argue that there was a pattern of similar constitutional violations. (*Id.*)

I. *A Constitutional Violation is Required Under Section 1983*

Plaintiff has only vaguely responded to Defendant's argument that she has not alleged a Constitutional violation. (ECF No. 7 ¶ 3.) She argues that she has identified numerous incidents of "violation[s] of [her] equal protection rights," but does not elaborate on how said equal protection rights have been violated, nor does she specify *which* rights have been violated. (*Id.*) Plaintiff provides a long list of incidents without any substantive discussion about their nexus to a constitutional protection being violated. In short, Plaintiff does not otherwise articulate any specific constitutional violation that might form the basis of her Section 1983 claim. (*See generally* ECF No. 7.); *Baker v. McCollan*, 443 U.S. 137, 140, (1979) ("The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'") Rather, her Complaint simply sets forth vague and conclusory allegations that fail to identify any specific right that has been violated.

Plaintiff asserts that she is a member of a protected class by virtue of her complaint to the PHRC—presumably setting up an argument that it is her 14th Amendment Equal Protection Rights that have been violated—and that she has been "harmed to the point that she is fearful of her own safety and being deprived of equal protection of the law." (ECF No. 1 ¶¶ 65-66.) While the pleading standard does not require a Plaintiff to prove any element of their claim, they must "put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009). Since Plaintiff has not alleged any facts to support the existence of a Constitutional violation, there is no reasonable expectation that discovery will reveal evidence of such a violation.

*II.    Failure-to-Train*

Within her Section 1983 claim, Plaintiff seems to be specifically alleging failure-to-train on the part of the Borough. (ECF No. 1 ¶¶ 60-64.) Defendants argue that the failure to train must generally be conscious on the part of the police and must constitute a pattern of similar constitutional violations. (ECF No. 6-1 at 10.) Defendants argue that Plaintiff has not pled facts that support either element, and therefore there is no valid failure-to-train claim.

Any plaintiff setting forth a Section 1983 claim alleging that a municipality failed to properly train their employees must allege (1) deliberate indifference on the part of the municipality; and (2) causation between the deliberate indifference and the plaintiff's harm. *Fitzgerald v. Martin,* CV 16-3377, 2017 WL 3310676, at *15 (E.D. Pa. Aug. 3, 2017). A pattern of similar Constitutional violations by untrained municipal employees is ordinarily necessary to demonstrate "deliberate indifference" for the purpose of holding a municipality liable for failure-to-train. *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (citing *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)). Likewise, to establish causation in a failure to train claim, the plaintiff must identify a deficiency in the training program which is closely connected to the constitutional injury. *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 226 (3d Cir. 2014). A causation analysis must focus on the adequacy of the training program in relation to the tasks the particular officer must perform, and liability cannot rest only on showing that an employee *could* have been better trained. *Thomas*, 749 F.3d at 226 (quoting *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1029-30 (3d Cir. 1991)).

Plaintiff has failed to allege sufficient facts to support a single Constitutional violation, let alone a pattern of similar violations that would give rise to a failure to train claim. She has also failed to allege facts that could establish and inference in favor of a claim of deliberate indifference

9

on the part of the municipality or a causal link between Defendant's behavior and Plaintiff's alleged harm. (*See generally* ECF No. 1, ECF No. 7.) Additionally, Plaintiff has not alleged any specific facts regarding the Malvern Borough's training program. She has not identified any particular deficiency in the training program, nor attempted to show that her injury could have been avoided had Defendants been better trained. *Thomas*, 749 F.3d at 226 (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989)). Thus, there is nothing by which the Court can infer that any Defendant was an "employee who was not properly trained," nor can the Court draw any kind of causal connection between Plaintiff's harm and a given municipal training program. (ECF No. 1 ¶¶ 60-64.)

### III. Failure to Investigate

Finally, to the extent that Plaintiff attempts to assert a Section 1983 claim for Defendant's failure to conduct an adequate investigation into her neighbor's behavior, such a claim also fails. (ECF No. 7 ¶ 5.) To make out a Section 1983 claim, Plaintiff must allege facts supporting a constitutional violation. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Courts have repeatedly held that there is no constitutional right to a police investigation. *See Thomas v. City of Philadelphia*, 290 F.Supp.3d 371, 386 (E.D. Pa. 2018); *Whitehead v. City of Philadelphia*, No. 13-2167, 2014 WL 657486, at *2 (E.D. Pa. Feb. 19, 2014). The court in *Thomas* added in a footnote that if such a constitutional right to police investigation did exist, it would open the door to many questions, such as how much "investigation" is enough and what techniques would be sufficient. *Thomas*, 290 F.Supp.3d at 386. Courts have also specified that the Fourteenth Amendment's Equal Protection Clause does not provide a constitutional right to police protection or police investigation. *Doe v. Williamsport Area Sch. Dist.*, 699 F.Supp.3d 306, 323 (M.D. Pa. 2023). Plaintiff's claims that Defendants did not adequately investigate her various reports about her

neighbors are not sufficient to form the basis of a Section 1983 claim. For these reasons, her Section 1983 claims are dismissed.

### D. Plaintiff Has Not Alleged the Elements of an Equal Protection Violation.

Plaintiff's second count is a violation of her 14th Amendment Equal Protection rights. To make out an equal protection claim, Plaintiff must show that any disparate treatment on the part of Defendants was based on her membership in a protected class. *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979) (Defendant must have "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.") (ECF No. 6-1 at 11.) Defendants argue that Plaintiff has not sufficiently pled the requisite elements of a typical equal protection claim, including the fact that she is not alleging membership in an accepted protected class. [6] (ECF No. 6-1 at 11.)

The Court agrees with Defendants that Plaintiff has not alleged any specific facts to support an equal protection violation. (*See generally* ECF No. 1, ECF No. 7.) She asserts that she is a member of a protected class by virtue of her PHRC complaint but has not provided any support for the notion that submitting such a complaint makes one a member of a protected class. (ECF No. 1 ¶ 65.) She further argues that she has alleged several incidents of "violation[s] of [her] equal protection rights," but has not pled specified facts that support that any alleged incident constituted an equal protection violation. (ECF No. 7 ¶ 3.)

To state a claim for an equal protection violation, a plaintiff must show that: (1) she was treated differently from others who are similarly situated (Defendants' actions had a discriminatory

---

[6] Defendants seem to anticipate Plaintiff making a "class of one" argument. (ECF No. 6-1 at 11.) To make out an Equal Protection "class of one" claim, a plaintiff must allege that the defendant treated plaintiff differently from others who are similarly situated, that they did so intentionally, and that there was no rational basis for such differential treatment. (*Id.*) Defendants argue that Plaintiff has failed to allege facts to support the conclusion that Defendants treated Plaintiff differently from others who are similarly situated. (ECF No. 6-1 at 11-12.) Plaintiff has not responded to this argument and has not asked the Court to consider Plaintiff as a class of one. (*See generally* ECF No. 7.)

effect); and (2) that this selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or inhibit the exercise of constitutional rights, or by a malicious or bad faith intent to injure the person (Defendants' actions had a discriminatory purpose). *Mun. Revenue Servs., Inc. v. McBlain*, 347 Fed.Appx. 817, 825 (3d Cir. 2009); *Cash v. Wetzel*, 8 F.Supp.3d 644, 664 (E.D. Pa. 2014); *Bradley v. United States*, 299 F.3d 197, 205 (3d Cir. 2002).

Persons are similarly situated for the purposes of an equal protection claim when they are alike "in all relevant aspects." *Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 203 (3d Cir. 2008); *Billy Boy Real Estate LLC v. Upper Merion Twp.*, CV 24-5559, 2025 WL 1263126, at *10 (E.D. Pa. May 1, 2025). Plaintiff asserts that those from whom she was treated differently are her neighbors, who she alleges had their complaints about her thoroughly investigated by Defendants while hers were not. (ECF No. 1 ¶ 70-73; ECF No. 7 ¶ 7.) However, she has not alleged that she and her neighbors are "alike in all relevant aspects." *Startzell*, 533 F.3d at 203. To identify a proper comparator, a plaintiff must plead more than "broad generalities," and courts determining whether a plaintiff has adequately identified comparators must "isolate the factor allegedly subject to impermissible discrimination," which is generally the characteristic that makes one a member of a protected class. *Stradford v. Sec'y Pennsylvania Dep't of Corr.*, 53 F.4th 67, 74 (3d Cir. 2022). Besides the fact that both Plaintiff and her neighbors are residents of Malvern, Plaintiff has not pled facts by which to infer that she and her neighbors are comparators for the purpose of an equal protection claim.

Plaintiff has also failed to plead sufficient facts to establish the second prong of the equal protection analysis—showing that her "selective treatment was motivated by an intention to discriminate on the basis of impermissible considerations, such as race or religion, to punish or

12

inhibit the exercise of constitutional rights, or by malicious or bad faith intent to injure the person." *See Mun. Revenue Servs., Inc.*, 347 Fed.Appx. at 825. Plaintiff has not alleged that Defendants treated her poorly because of her membership in a protected class. Rather, she asserts that she is protected by virtue of her PHRC complaint, and that her "status" as a complainant is what resulted in Defendants' disparate treatment. However, being a Human Rights complainant is not a recognized protected class.[7]

Nor has Plaintiff pled facts by which one could infer that Defendants wished to punish or inhibit Plaintiff's exercise of her constitutional rights or that they were motivated by evil motive or intent. Plaintiff concludes that she was treated differently from her neighbors, and that such treatment was a violation of her equal protection rights but offers little evidence to support these conclusions. Plaintiff's allegations amount to no more than "bare bones" conclusions, which the Court cannot rely on to determine that she suffered a violation of her equal protection rights. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (internal citations omitted). Plaintiff's equal protection claim is dismissed.

### E. Claims Against Individual Defendants are Improper.

Defendant argues that Plaintiff's complaint fails to identify whether claims against individually-named defendants are asserted against them in their official or individual capacities. (ECF No. 6-1 at 12.) To the extent that individual defendants are named in their official capacities, Defendants argue that these claims are no different than a claim against the municipality for whom the individuals work and therefore should be dismissed as redundant. (*Id.*) Plaintiff has not responded to Defendant's arguments regarding the proper status of individually-named defendants

---

[7] While the Court understands Plaintiff's discussion of "disparate treatment" resulting from the filing of her PHRC complaint as connected to her Equal Protection claim, it could also plausibly be read as demonstrating retaliatory conduct. But—as stated above—since Plaintiff did not plead retaliation as a claim for relief, the Court does not consider the argument.

13

in her Response to the Motion to Dismiss. (*See generally* ECF no. 7.) While Plaintiff fails to specify whether she is naming individual members of the Malvern Borough Police Department as Defendants in their official or unofficial capacities, the Court agrees with Defendants that individual officers named as Defendants in this Complaint should be dismissed.

      I.      *Claims Against Individually-Named Defendants in Their Official Capacities*

Claims against officers in their official capacities must be brought against the municipality to which the police force belongs, not the officers themselves. *Whitfield v. City of Phila.*, 587 F. Supp. 2d 657, 665 n.13 (E.D. Pa. 2008) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (internal citations omitted)). Courts routinely dismiss Section 1983 claims against defendants in their official capacities because "a lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them." *Cuvo v. De Biasi*, 169 Fed.Appx. 688, 693 (3d Cir. 2006) (citing *McMillian v. Monroe County*, 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997); *see also Efaw v. Falls Twp.*, No. CIV.A.A 07-598, 2008 WL 5263037 (E.D. Pa. Dec. 17, 2008), *Swedron v. Borough*, No. 08CV1095, 2008 WL 5051399 (W.D. Pa. Nov. 21, 2008), *Lakits v. York*, 258 F. Supp. 2d 401 (E.D. Pa. 2003).

In the present case, since Plaintiff has named the Malvern Borough as a defendant, claims against individual Defendants Keating, Walker, Dougherty, Wilson, Daniels, Capuano, Marcelli, Bury, Dutter, and Loomis in their official capacities are duplicative of claims against the Borough and are therefore dismissed.

      II.      *Claims Against Individually-Named Defendants in Their Individual Capacities*

To the extent that Plaintiff intended to name these defendants in their individual capacities, these claims are also dismissed. When there is ambiguity as to whether a party is being sued in their official or individual capacity, "[c]ourts in the Third Circuit look to the complaint and the

course of proceedings to determine whether [an] official is being sued in [his or her] individual capacity, official capacity, or both." *Cruz v. City of Pottsville*, No. 3:21-CV-00283, 2022 WL 2733207, at *5 (M.D. Pa. May 19, 2022), report and recommendation adopted, No. 3:21-CV-283, 2022 WL 2132844 (M.D. Pa. June 14, 2022) (internal citations omitted); *see also Loomis v. Montrose Borough Police Dep't.*, No. 3:20-cv-1610, 2021 WL 2865290, n.1 (M.D. Pa. July 8, 2021). A governmental entity may not be held liable under Section 1983 unless the entity's policy or custom caused plaintiff's injury. *Fortune v. Giorla*, No. CIV.A. 11-615, 2011 WL 6739470, at *2 (E.D. Pa. Dec. 22, 2011) (internal citations omitted). In contrast, a suit brought against a defendant in his individual capacity seeks damages from the defendant's own assets for actions done by that defendant personally. *Id.* Since Plaintiff does not specify whether claims against individually-named defendants are intended to identify them in their official or individual capacities, the Court will liberally construe the complaint and consider whether Defendants are proper parties to this suit in their individual capacities. *See Cruz*, 2022 WL 2132844, at *5.

To establish individual liability in a Section 1983 action, Plaintiffs are required to show that Defendants "participated in violating their rights… directed others to violate them, or that [they], as the person[s] in charge… had knowledge of and acquiesced in [their] subordinates' violations." *Wargo v. Municipality of Monroeville, PA*, 646 F.Supp.2d 777, 788 (W.D. Pa. 2009) (quoting *Baker v. Monroe Township*, 50 F.3d 1186, 1190–91 (3d Cir.1995)). In *Wargo,* the Plaintiff's claims against defendants in their individual capacities were dismissed because there was no underlying constitutional violation, and thus no improper action to which individually named defendants could acquiesce. *Wargo*, 646 F.Supp.2d at 788-89.

In the present case, Plaintiff has not pled sufficient facts by which the Court can infer any constitutional violation. In addition, Plaintiff has also not alleged any specific facts from which to

15

infer that any individually named defendant directed others to violate Plaintiff's rights or knowingly acquiesced in a subordinate's violation of her rights. Without such facts, there is nothing to suggest that individual defendants should be parties to this suit in their individual capacities. Defendants Keating, Walker, Dougherty, Wilson, Daniels, Capuano, Marcelli, Bury, Dutter, and Loomis are dismissed to the extent that Plaintiff intended to name them in their individual capacities.

### F. Punitive Damages Against Defendant Malvern Borough are Improper.

As Defendant correctly asserts, punitive damages are not permitted against municipalities unless expressly authorized by statute. In *City of Newport v. Fact Concerts, Inc.* the Supreme Court held that punitive damages are not recoverable against a municipality under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Thus, Plaintiff may not recover punitive damages against the Borough of Malvern. However, this point is moot as Plaintiff's claims are dismissed for failure to state a claim.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's complaint is dismissed in its entirety. An appropriate order follows.

BY THE COURT:

/s/ Hon. Kelley B. Hodge
_____
**HODGE, KELLEY B., J.**